UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910    *Plaintiff*, v. ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue NW, Washington, DC 20004    *Defendant*. | CIVIL ACTION NO. _____  COMPLAINT |

PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to the per- and polyfluoroalkyl substances ("PFAS") contamination from fluorinated high-density polyethylene ("HDPE") containers used for insecticides or any other pesticide products.

1

2. PEER submitted a FOIA request in October 2021 seeking records on PFAS contamination from HDPE containers. PEER's FOIA request built upon information reported on EPA's webpage, titled *Per- and Polyfluoroalkyl Substances ("PFAS") in Pesticide Packaging*, noting that EPA is making new information available on EPA's testing on PFAS contamination from fluorinated containers.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA. This complaint seeks to remedy EPA's failure to respond to a routine request within the mandated time period.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

12. In March 2021, EPA released testing data showing PFAS contamination from the fluorinated HDPE containers used to store and transport Anvil 10+10, a mosquito control pesticide product. EPA updated its webpage titled *Per- and Polyfluoroalkyl*

3

*Substances ("PFAS") in Pesticide Packaging* which revealed that "the Agency continues to investigate and assess potential impacts on health or the environment, [and] the affected pesticide manufacturer has voluntarily stopped shipment of any products in fluorinated high-density polyethylene (HDPE) containers." The article further noted that in a press release, EPA "outlined its next steps as it continues working with a variety of stakeholders to collect additional information on this issue." *See* ENVTL. PROT. AGENCY, *Per- and Polyfluoroalkyl Substances (PFAS) in Pesticide and Other Packaging*, https://www.epa.gov/pesticides/pfas-packaging (last updated Mar. 16, 2022); *see also* ENVTL. PROT. AGENCY, *EPA Releases Testing Data Showing PFAS Contamination from Fluorinated Containers*, (Mar. 5, 2021) https://www.epa.gov/newsreleases/epa-releases-testing-data-showing-pfas-contamination-fluorinated-containers.

13. On October 25, 2021, PEER submitted a FOIA request to EPA seeking certain information "as referenced in the agency's webpage Per- and Polyfluoroalkyl Substances ("PFAS") in Pesticide Packaging, at https://www.epa.gov/pesticides/pfas-packaging, (hereinafter, "EPA's webpage")." Specifically, PEER requested:

> 1) Since September 1, 2020, all documents, records, emails, texts, instant messages, electronic chats, memos, notes, and letters regarding the extent and significance of the PFAS contamination from fluorinated high-density polyethylene (HDPE)

containers used for the insecticide Anvil 10+10 or for any other pesticide product of any kind or type;

2) Since September 1, 2020, all documents, records, emails, texts, instant messages, electronic chats, memos, notes, and letters regarding the statement on EPA's webpage regarding Anvil 10+10 that "the affected pesticide manufacturer has voluntarily stopped shipment of any products in fluorinated HDPE containers;"

3) Since September 1, 2020, all documents, records, emails, texts, instant messages, electronic chats, memos, notes, and letters regarding the statement on EPA's webpage that "the Agency continues to investigate and assess potential impacts on health or the environment" of PFAS contamination from fluorinated HDPE containers;

4) The press release linked on EPA's webpage, "EPA Releases Testing Data Showing PFAS Contamination from Fluorinated Containers," at https://www.epa.gov/newsreleases/epa-releases-testing-data-showing-pfas-contamination-fluorinated-containers, states (in pertinent part): On Jan. 13, 2021, to minimize risks to human health and the environment, EPA asked states with existing stock of the mosquito product distributed in fluorinated HDPE containers to discontinue use and hold that inventory until its final disposition is determined. Provide all

5

reports, documents, records, emails, texts, instant messages, electronic chats, memos, notes, and letters containing information indicate how any states responded to EPA's request in that statement, since January 13, 2021; and

5) EPA's webpage states in "PFAS in Pesticides Questions," Question 1 (in pertinent part): …Under FIFRA Section 6(a)(2), pesticide registrants should report to EPA additional factual information on unreasonable adverse effects, including metabolites, degradates, and impurities (such as PFAS). Provide all reports, documents, records, emails, texts, instant messages, electronic chats, memos, notes, and letters containing information on such adverse effects from PFAS contamination found in any type of pesticide, since September 1, 2020.

14. On October 25, 2021, EPA assigned this FOIA request tracking number EPA-2022-000487.

15. On October 26, 2021, EPA approved PEER's request for a FOIA fee waiver, acknowledging that PEER had a non-commercial public interest in the records requested, and therefore finding that PEER would not need to pay any costs for production of the records.

16. On October 26, 2021, EPA FOIA staff asserted "There could be some overlap" between this request and another FOIA request submitted by PEER. EPA FOIA

staff suggested that "it could be more efficient and quicker processing" to "combine[ ] some parts of these requests."

17. On November 1, 2021, PEER responded there was no overlap between request number EPA-2022-000487 and PEER's other FOIA request. PEER asked EPA FOIA staff to "Please continue to expeditiously produce records for these requests separately."

18. On the same day, EPA FOIA staff responded stating that they will provide "proposed search parameters for these requests" for PEER to review. EPA FOIA staff never provided proposed search parameters for request EPA-2022-000487.

19. On January 13, 2022, PEER emailed EPA FOIA staff to check on the status of EPA-2022-000487.

20. On the same day, EPA FOIA staff responded to PEER's attempt to obtain information and stated "We anticipate releasing the first set of records to you and the other requesters in the next 3 to 4 weeks, if not sooner. We will release additional records on a rolling basis."

21. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on EPA-2022-000487.

## CAUSE OF ACTION

22. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

23. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings

of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

24. FOIA obligates agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

25. Twenty working days from October 25, 2021, was November 22, 2021. Four weeks from January 13, 2022, was February 10, 2022.

26. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

27. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its October 25, 2021, FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

28. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA actions and policies concerning 8(e) reports.

29. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

30. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

 iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 30, 2022,

   /s/ Peter T. Jenkins
Peter T. Jenkins, DC Bar # 477229

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)

Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*

10